United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA K., by and through her guardian ad litem BRIANNA K.; ASHLEY W., by and through her guardian ad litem CLEO W.; ANTHONY J., by and through his guardian ad litem MAYA J.; and ALEXIS R., by and through her guardian ad litem ANNA R.,<br><br>  Plaintiffs,<br><br>  v.<br><br>EUREKA CITY SCHOOLS DISTRICT; JOHN FULLERTON, FRAN TAPLIN, WENDY DAVIS, HENRY BECK, SUSAN JOHNSON, Members of the Eureka City Schools District Board; FRED VAN VLECK, Superintendent of Schools for Eureka City Schools District; LAURIE ALEXANDER, Director of Student Welfare and Attendance; JAN SCHMIDT, Principal, Zane Middle School; DENNIS SCOTT, Principal, Zane Middle School; RONALD PERRY, Vice Principal, Zane Middle School; RICK JORDAN, Principal, Eureka High School; MARTIN GODDI, Vice Principal, Eureka High School; and DOES 1 through 100, inclusive,<br><br>  Defendants.<br>_____/ | No. C 13-05854 WHA<br><br>**ORDER RE MOTION TO PROCEED UNDER FICTITIOUS NAMES AND TO SEAL DOCUMENTS** |

The undersigned is in receipt of plaintiffs' motion to proceed under fictitious names and to seal in part certain documents (Dkt. No. 3). Specifically, plaintiffs seek to seal information concerning their true identities in (1) their petitions for appointment of guardians *ad litem,* and (2) the declaration submitted by attorney Linnea Nelson in support of plaintiffs' motion here. There is a strong public policy in favor of openness of our court system, and the public is entitled to know who is seeking relief from the Court. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). This means that normally, plaintiffs must live with the collateral consequences of commencing a civil action in federal court.

In this particular case, it seems likely that the identities of plaintiffs and their guardians *ad litem* will become well-known as soon as depositions are taken, and that it will be impracticable to require a deponent to attend a deposition and to keep secret the contents of the deposition. Also, if it is true that there is only a small percentage of Native Americans and African Americans in the school, then those Native Americans and African Americans *not* bringing this lawsuit will be placed at risk, if indeed there is any risk, by virtue of retribution for this lawsuit.

The Court would like to hear the views of defendants before making a final ruling. In the meantime, the pleading will be permitted under fictitious names, with the understanding that there is a reasonable likelihood that fictitious names will not be permitted once the Court hears from both sides. Given that defendants were served with the summons on December 19, 2013, defendants must file an answer by **JANUARY 9, 2014**. In addition, plaintiffs' motion to proceed under fictitious names and to seal in part certain documents shall be re-noticed for hearing on **8 AM ON JANUARY 16, 2014**. Furthermore, although the deadline for opposing plaintiffs' motion has passed under Civil Local Rule 7-11, defendants may file an opposition by no later than **5 PM ON JANUARY 9, 2014**.

**IT IS SO ORDERED.**

Dated: January 3, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2