```
John M. Vrieze, CSB #115397
William F. Mitchell, CSB #159831
MITCHELL, BRISSO, DELANEY & VRIEZE, LLP
Attorneys at Law
814 Seventh Street
P. O. Drawer 1008
Eureka, CA  95502
Tel:  (707) 443-5643
Fax: (707) 444-9586
```
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JESSICA K., by and through her guardian ad litem BRIANNA K.; ASHLEY W., by and through her guardian ad litem CLEO W.; ANTHONY J., by and through his guardian ad litem MAYA J.; and ALEXIS R., by and through her guardian ad litem ANNA R.,<br>        Plaintiffs,<br><br>vs.<br><br>EUREKA CITY SCHOOLS DISTRICT; JOHN FULLERTON, FRAN TAPLIN, WENDY DAVIS, HENRY BECK, SUSAN JOHNSON, MEMBERS OF THE EUREKA CITY SCHOOLS DISTRICT SCHOOL BOARD; FRED VAN VLECK, SUPERINTENDENT OF SCHOOLS FOR EUREKA CITY SCHOOLS DISTRICT; LAURIE ALEXANDER, DIRECTOR OF STUDENT WELFARE AND ATTENDANCE; JAN SCHMIDT, PRINCIPAL, ZANE MIDDLE SCHOOL; DENNIS SCOTT, PRINCIPAL, ZANE MIDDLE SCHOOL; RONALD PERRY, VICE PRINCIPAL, ZANE MIDDLE SCHOOL; RICK JORDAN, PRINCIPAL, EUREKA HIGH SCHOOL; MARTIN GODDI, VICE PRINCIPAL, EUREKA HIGH SCHOOL; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.:  CV 13-05854 WHA<br><br>**SUPPLEMENTAL MEMORANDUM OPPOSING MOTION TO PROCEED USING FICTITIOUS NAMES**<br><br>Date: February 20, 21014<br>Time: 8:00 a.m.<br>Courtroom: 8, 19th Floor |

**SUPPLEMENTAL MEMORANDUM OPPOSING MOTION
TO PROCEED USING FICTITIOUS NAMES**

0

**INTRODUCTION**

Plaintiffs have submitted declarations signed by three of the four plaintiffs, as well as declarations of three of the four guardians ad litem in support of their assertion that anonymity is warranted because of potential retaliation. As permitted by the Court, the defendants have deposed the three student-declarants and one of the guardian ad litem with respect to their declarations.

As highlighted below, the actual testimony of the minor plaintiffs (as opposed to the assertions of their attorneys) reveals that they have fallen far short of meeting the "reasonable fear of severe harm" standard set forth in *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate,* 596 F.3d 1036 (9th Cir.2010).

**DISCUSSION**

Pertinent portions of the depositions of the three plaintiff-declarants and the guardian ad litem are summarized as follows[1]:

**"Jessica K."**

At the prior hearing, plaintiffs' counsel pointed to the allegation in the complaint that in "early 2013" another student (identified in the complaint as "L") shoved Jessica's head into a locker in PE class in retaliation for Jessica complaining to school staff about racial harassment by "L," and that, therefore, Jessica had a reasonable fear of retaliation if her real name (or initials) were used in the complaint. In fact, when deposed, Jessica testified that (1) she had no idea why "L" shoved her head into the locker; (2) she has never asked "L" why she did that; (3) she never reported the incident to anyone at school, even though she had previously reported peer harassment; (4) she and "L" played on the same basketball team in the Fall of the 2013-14 school year; and (5) "L" never threatened her in any way during that time, nor did she feel threatened. (See Depo. of Jessica K, p. 26:4-25; p. 27:20 to p. 30:20.)[2] Jessica also testified that "L" wrote her a letter of apology, signed "Love L" after "L" used the "N word" in a class in

---

[1] No declaration has been submitted by plaintiff "Alexis R." (or her guardian ad litem).
[2] All referenced portions of the subject deposition transcripts are attached to the Declaration of William F. Mitchell, with a request to be filled under seal.

**SUPPLEMENTAL MEMORANDUM OPPOSING MOTION
TO PROCEED USING FICTITIOUS NAMES**
1

January 2013, and that "L" was suspended from school for using that word in the class. (Id., p. 17:8 to p. 23:11.) Jessica further testified that – contrary to the statement in her declaration that "L" threatened her when she gave her the letter of apology – she could not recall if "L" said anything to her. (Id., p. 21:4 to p. 22:21.) [3]

**"Anthony J."**

Anthony's declaration states that he fears retaliation if his initials are used in the complaint "based on past experiences" involving harassment. (Id., ¶ 6.) Anthony testified that (1) nobody at school has ever threatened to harm him if he complained about being harassed or bullied; (2) the only times he felt he was being retaliated against at school was when a girl told him "don't tell [the Vice Principal] my damn business" after Anthony reported that the girl had called him "fat," and when another student ("D") threatened to "kick his ass" for hitting the student's cousin. (Depo. of Anthony J, p. 10:17 to p. 12:3; p. 14:1 to p. 15:6; p. 18:14 to p. 20:14.) Anthony also testified that he was not afraid of student "D" or any other students, that he could stand up for himself, and that the fact that he was involved in the lawsuit did not cause him to be concerned or anxious in any way.[4] (Id., p. 18:8-13; p. 22:23 to p. 23:1.) [5]

**"Ashley W."**

Ashley testified that she was <u>not</u> afraid of any sort of physical retaliation from other students if she were linked to the lawsuit, and that her sole concern was being "shunned." (Depo. of Ashley W., p. 18:2-22.) Her other concern was that the media would link to a prior widely-publicized incident involving her former adoptive parents, even though her last name has since been changed. (Id., p. 25 to p. 31:11; p. 32:6-22) She also testified that (1) she was willing to

---

[3] The letter of apology, as well as the notice establishing that "L" was suspended the very day she used the "N word" in class (and contrary to Jessica's declaration and testimony that this happened weeks later) is also attached to the Declaration of William F. Mitchell.
[4] In contrast, his declaration states that he has "grown more and more withdrawn, depressed, and angry." (Id., ¶ 12.)
[5] When questioned by his attorney at the end of the deposition, Anthony stated he received an anonymous call on his cell phone the previous Sunday from someone who called him the "N word," and told him that they were going to burn a cross on his lawn, which he felt was "kind of funny" because he did not have a front yard. He also stated that he did not feel there was any need to report this to the police.

**SUPPLEMENTAL MEMORANDUM OPPOSING MOTION
TO PROCEED USING FICTITIOUS NAMES**

2

take the risk of having her name linked to the previous news reports because of her stance on civil rights; (2) people could easily link her to the previous news reports by "googling" information which she has already publically disclosed, (3) she is not afraid of speaking out on civil rights issues, and was a public speaker at large gathering of District students and others at a City event, where she spoke about civil rights issues; and that (4) she is a member of a school club that promotes multiculturalism and diversity.  (Id.; see also, p. 18:23 to p.25:6.)

**"Brianna K." (Guardian ad Litem for "Jessica K.")**

"Brianna K." – the mother of Jessica K. – testified that (1) she was interviewed by a reporter from the North Coast Journal – which was "set-up" by her attorneys – concerning the allegations in the compliant; (2) the article identifies her as a volleyball coach at Zane Middle School and the mother of plaintiff "Jessica" – an African American student at Zane; (2) she was the only African American volleyball coach at Zane; and that (3) she has informed friends and relatives that she and her daughter are parties to the lawsuit.  (Depo. of Brianna K., p. 7:18 to p. 8:17; p. 8:25 to p. 14:17.)

**Waiver Issue**

As discussed previously, each plaintiff and their GAL's presented tort claims to the District using their actual names (previously filed under seal by defendants).  In a case involving the release of a minor student's tort claim describing a sexual assault to the press, the Court in *Poway Unified School District v. Sup. Crt.* (1998) 62 Cal.App.4th 1496, reiterated the general rule that "one who submits a tort claim has no reasonable expectation of privacy," and held that such claims are <u>not</u> exempt from public disclosure. (Id. at pp. 1502-06; See also, Gov. Code § 54956.9(g) and (e)(3) [requiring that tort claims discussed by a legislative body in closed session to be identified on the agenda and made available "for public inspection"].

DATED:  February 13, 2014           MITCHELL, BRISSO, DELANEY & VRIEZE, LLP

By:   /s/ William F. Mitchell
       William F. Mitchell
       Attorneys for Defendants